**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALLSTATE INDEMNITY COMPANY,

    Plaintiff,

v.                                                                                                    No. 2:26-cv-86 GBW-KRS

PEDRO ESTRADA; JANEEN ESTRADA,
and A.H.,

    Defendants.

**ORDER TO SHOW CAUSE**

THIS MATTER is before the Court *sua sponte*. On January 16, 2026, Plaintiff Allstate Indemnity Company ("Allstate") filed a Complaint For Declaratory Relief ("Complaint") against Defendants Pedro Estrada and Janeen Estrada ("the Estradas"), and an individual referred to as "A.H."

**Order To Show Cause As To Defendant A.H.**

Defendant A.H. allegedly filed a lawsuit in state court ("the Underlying Proceeding") asserting a claim for negligence against the Estradas. Allstate alleges that the Estradas contend that A.H.'s negligence claim is covered under a renter's insurance policy issued by Allstate. In the present proceeding, Allstate seeks declaratory relief concerning whether a default judgment entered against the Estradas in the Underlying Proceeding is covered by the renter's policy. The Complaint asserts that the sole reason A.H. is named as a defendant in this matter is because "she has a claim against the Estradas and the Estradas contend that the policy at issue covers such claim." (Doc. 1 ¶ 4).

The Complaint does not explain why A.H., who does not appear to be a minor, is named as a defendant using only her initials. Presumably, A.H.'s identity is being withheld due to the

sensitive nature of her allegations against the Estradas in the Underlying Proceeding. The Federal Rules of Civil Procedure do not contemplate non-minors proceeding anonymously or by initials. *Nat'l Commodity & Barter Ass'n ("NCBA") v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). Rather, Rule 10(a) requires the title of the complaint to "name all the parties." FED. R. CIV. P. 10(a). If a party seeks to proceed anonymously, it must petition the district court to do so. *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001). Anonymity in court proceedings may be warranted in "exceptional circumstances" such as cases "involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). But the risk of embarrassment is not enough. *Id.* Additionally, the court must weigh the public interest in determining whether to allow a party to proceed anonymously. *Id.* "Absent permission ... and under such other conditions as the court may impose (such as requiring disclosure of their true identity under seal), the federal courts lack jurisdiction over … unnamed parties, as a case has not been commenced with respect to them." *NCBA*, 886 F.3d at 1245;  *see also M.A.C. v. Gildner*, 853 Fed. Appx. 207 (10th Cir. 2021) (affirming the district court's *sua sponte* dismissal for lack of subject-matter jurisdiction when a plaintiff did not seek leave to proceed anonymously and affirming that *NCBA* "is still the law of the circuit").

While *NCBA* involved a plaintiff seeking to litigate anonymously, courts have applied the same principles to cases in which a plaintiff files a complaint naming a defendant anonymously. *See, e.g., GEICO Gen. Ins. Co. v. M.O.*, No. 21-2164-DDC-ADM, 2021 WL 10373037, at *1 (D. Kan. July 30, 2021) (applying *NCBA* to unnamed defendants for which no party moved for leave to proceed anonymously (citing *Rinaldo v. Unknown El Paso Cnty. Sheriff's Deputies*, No. 17-CV-01586-CMA-STV, 2018 WL 5619333, at *4 (D. Colo. Oct. 30, 2018) (because no party had

applied for leave for unnamed El Paso County law enforcement officials to proceed anonymously and there was no basis to do so, the court lacked jurisdiction to decide their motion to dismiss and ordered plaintiff to file a motion for leave to amend to name defendants or show cause why his claims against them should not be dismissed); *Malibu Media, LLC v. Doe*, No. 1:14-CV-493, 2015 WL 268995, at *5 (S.D. Ohio Jan. 21, 2015) (relying on Sixth Circuit case law quoting *NCBA* to find that the court lacked jurisdiction over an unnamed defendant and "a case has not been commenced against him")). In this case, Allstate has not petitioned the Court for permission to name A.H. by her initials. Accordingly, Allstate is ordered to show cause why its claims against A.H. should not be dismissed for lack of subject-matter jurisdiction.

**Order To Show Cause As To All Defendants**

No proof of service has been filed as to Defendant A.H. Proofs of service were filed on February 6, 2026, indicating that the Estradas were served on February 4, 2026. *See* (Docs. 4, 5). The Estradas' responsive pleading(s), therefore was/were due, on or before February 25, 2026. *See* FED. R. CIV. P. 12(a)(1)(A)(i). To date, the record reflects no responsive pleading on behalf of the any of the Defendants, nor does it reflect any activity by Allstate to proceed with its Complaint against any of the Defendants. Pursuant to D.N.M. LR-CIV. 41.1, "[a] civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward." The docket indicates that Allstate's last filing was on February 10, 2026. Therefore, the case is subject to dismissal if no further action is taken to move the case forward by May 1, 2026.

**IT IS THEREFORE ORDERED** that Allstate show cause no later than **May 5, 2026**, why its claims against A.H. should not be dismissed without prejudice for lack of subject-matter jurisdiction, and why it claims against all Defendants should not be dismissed without prejudice for failure to prosecute under D.N.M. LR-Civ. 41.1.

3

IT IS SO ORDERED this 27th day of April, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE